UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALRENZO BLANDIN,** | ) | CASE NO. 3:08CV2172 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| **JESSE WILLIAMS,** | ) | |
| | ) | (HABEAS CORPUS) |
| Respondent. | ) | |

This Memorandum Opinion and Order arises out of the Objections (Doc. No. 8) filed by Petitioner Alrenzo Blandin ("Blandin") to the Report and Recommendation of Magistrate Judge Greg White (Doc. No. 7). For the reasons that follow, the Report and Recommendation is **ACCEPTED** and Blandin's petition for writ of habeas corpus is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Blandin has not disputed the Magistrate Judge's characterization of the factual history of the case; accordingly, this Court will only describe the factual history needed to provide adequate context to Blandin's argumentation. In 2005, Michael Tallman ("Tallman"), an inmate at the Allen County Jail, became a confidential informant with respect to Blandin's drug distribution activities. On August 3, 2005, Tallman contacted Sergeant Kyle Fittro of the West Central Ohio Crime Taskforce, stating that Blandin had left his residence and that he had a substantial amount of cocaine both at his residence and in his blue Mercedes automobile.

Eventually, officers pulled Blandin over for a turn signal violation. Pursuant to a warrantless search, police discovered powder and crack cocaine hidden in the crotch area of his pants. Upon execution of a search warrant, police also discovered powder and crack cocaine hidden in a backpack at his residence.

Blandin was charged with and convicted of the following:

(1) one count of possession of crack cocaine in the amount of one to five grams;

(2) one count of possession of powder cocaine in the amount of five grams or less;

(3) one count of possession of powder cocaine in the amount of over 100 grams; and

(4) one count of possession of crack cocaine in the amount of 100 to 500 grams.

*See* Ohio Rev. Code § 2925.11(C)(4). The trial judge sentenced Blandin to eighteen months on Count One, twelve months on Count Two, ten years on Count Three, and eight years on Count Four, to be served consecutively for an aggregate of twenty years and six months. His sentence was affirmed on direct appeal by the Ohio Court of Appeals, Third District, and the Ohio Supreme Court dismissed his appeal as not involving a substantial constitutional question. Blandin also filed a Rule 26(B) application to reopen his appeal, which was denied by the Ohio Court of Appeals, Third District.

In his petition for writ of habeas corpus, Blandin argued that (1) his conviction violates the Double Jeopardy Clause because it punishes him four times for the same offense, and (2) that the warrantless search of Blandin's person violated the Fourth Amendment. Blandin abandoned the latter ground in his traverse (Doc. No. 6; *see* Report and Recommendation at 7), and the Magistrate Judge recommended that the Court deny Blandin's petition with respect to the first ground. Blandin timely filed several objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 8.)

**II. LAW AND ANALYSIS**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

recommendation." A petitioner who fails to object to legal or factual conclusions of a report and recommendation waives review of those issues. *Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986); *see generally Thomas v. Arn*, 474 U.S. 140 (1985).

In adjudicating Blandin's petition, this Court is constrained by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That law prohibits the Court from granting a petition for writ of habeas corpus on behalf of a person in state custody unless the state court issued "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[1] 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established law only "if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). Meanwhile, "[a] state-court decision involves an unreasonable application of th[e] [Supreme] Court's clearly established precedents if the state court applies [those] precedents to the facts in an objectively unreasonable manner." *Id.*

## III. LAW AND ANALYSIS

The Magistrate Judge reasoned that Blandin's double jeopardy argument was invalid because (1) possession of powder cocaine and crack cocaine are separate offenses under Ohio law, and (2) the Ohio Court of Appeals, Third District determined that Blandin's possession in his pants constituted a separate offense from the constructive possession in his house. Blandin offers three objections to the Magistrate Judge's report:

---

[1] AEDPA also provides that habeas relief may be granted where the state court reached its result "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As Blandin challenges his conviction solely upon legal grounds, this provision is not at issue.

3

(1) The Magistrate Judge erred in finding that Blandin did not fairly present his double jeopardy claim to the state courts;

(2) The Magistrate Judge erred in not considering the two convictions each for simultaneous possession of crack and powder respectively; and

(3) The Magistrate Judge erred in deciding that the Ohio decision as to the form of the cocaine was consistent with Supreme Court precedent.

The objections are addressed in order below.

### A. Objection One

Blandin argues that the Magistrate Judge improperly found that he did not fairly present his double jeopardy claim as a federal constitutional matter to the state courts. (Objections at 2.) A federal judge may not issue a writ of habeas corpus if an independent and adequate state ground justifies the prisoner's detention. *Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977). One such independent and adequate state ground is a lack of "fair presentation" of a claim for relief to the state law courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The habeas petitioner must "give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Importantly, fair presentation "requires that 'the same claim under the same theory be presented' for the state court's consideration." *Id.* (citation omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson*, 459 U.S. at 6; *see also Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001) (relatedness of issues not sufficient).

4

As the Magistrate Judge recognized, it is far from clear that Blandin fairly presented his double jeopardy claim, as a federal constitutional matter, to the Ohio courts.[2] Nonetheless, the Magistrate Judge declined to address the procedural default issue and directly moved to the merits of Blandin's double jeopardy claim. *See* 28 U.S.C. § 2254(b)(2) (a federal court may deny a habeas petition on the merits even if the petitioner failed to exhaust remedies in state court); *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003) (federal courts are not required to address a procedural default issue before deciding against a habeas petitioner on the merits) (citations omitted). Since the Magistrate Judge never recommended finding that Blandin procedurally defaulted his double jeopardy claim, his first objection is OVERRULED.

**B. Objection Two**

Blandin also objects to an alleged failure by the Magistrate Judge to consider whether his possession of cocaine in his pants and possession of cocaine in his house constitute two separate possessions. (Objections at 3-4.) Like the previous objection, Blandin's second objection results from a failure to carefully read the Magistrate Judge's Report and Recommendation. After quoting the relevant portion of the decision of the Ohio Court of Appeals, Third District, the Magistrate Judge stated as follows:

> Here, Blandin received consecutive sentences on four separate convictions for possession of crack and powder cocaine. (He possessed both types of cocaine on his person when his vehicle was stopped and, on the same date, he had constructive possession of both at his home.) [. . .]
> [. . .]
> The state appellate court also considered that Blandin was involved in two separate acts of possession of both the powder and crack cocaine based upon where it was located— under state law he was in possession of both types of cocaine on his person when his car was stopped and he had constructive possession of both in his home.

---

[2] In his Objections, Blandin states that "the *pro se* litigant is not expected to cite references with exactitude," apparently suggesting that his failure to fairly present his claim should be excused. (Objections at 2.) This statement is rather disingenuous, given that Blandin was represented by counsel on his direct appeal to the Ohio court of appeals. However, whether Blandin fairly presented the argument or not is irrelevant given that, as explained below, the Magistrate Judge bypassed the procedural default issue and examined Blandin's claims on the merits.

5

(Report and Recommendation at 12-13.) The Magistrate Judge clearly did consider Blandin's argument on this point.

Blandin also asserts, again without foundation, that the court of appeals failed to consider this same argument. The Ohio court of appeals held:

> [T]he separate charges for the two instances of possession of crack cocaine and two instances of possession of powder cocaine were appropriate. In this case, Blandin had a quantity of both powder and crack cocaine on his person when his car was stopped. Alternatively [sic], Blandin had constructive possession of the quantity of both powder and crack cocaine that was found in his home in the subsequent search. Accordingly, this constitutes two separate acts of possession.

*State v. Blandin*, 2007-Ohio-6418, 2007 WL 4225492, at *6 (Ohio Ct. App. Dec. 3, 2007). Clearly, the Ohio court of appeals did consider Blandin's argument, which the Magistrate Judge noted in his Report and Recommendation.

Aside from his mischaracterizations of the Magistrate Judge's report and the decision of the Ohio court of appeals, Blandin also appears to argue on the merits that his two separate possession charges—for the cocaine in his pants and the cocaine in his house—is unreasonable. (Objections at 3-4.) To dispose of this argument, the Court must examine Supreme Court jurisprudence involving double jeopardy claims in the habeas context. The Double Jeopardy Clause of the Fifth Amendment does not allow "any person [to] be subject to the same offence [sic] to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Among other things, the Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 716 (1969) (footnotes omitted), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989). Whether multiple punishments are levied for the same offense "is primarily [a question] of legislative intent." *Palmer v. Haviland*, 273 F. App'x 480, 484 (6th Cir. 2008); *see also Albernaz v. United States*, 450 U.S. 333, 344 (1981). Therefore, "[w]here the same conduct violates two statutory provisions, the first step in the

6

double jeopardy analysis is to determine whether the legislature [. . .] intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778 (1985).

In habeas review, however, this Court's role is a very limited one. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Therefore, "for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination."[3] *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989); *see also Jackson v. Ray*, 292 F. App'x 737, 741 (10th Cir. 2008) ("In a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes."); *Dowdell v. Wilson*, 2007 WL 1299269, at *13 (N.D. Ohio May 2, 2007).

Under Ohio law, a defendant may be convicted of and sentenced for two offenses, even if they require proof of the same elements, if those offenses "were committed separately or [if] there was a separate animus for each crime." *State v. Blankenship*, 526 N.E.2d 816, 817 (Ohio 1988). "[T]he [Ohio] General Assembly intended the term 'animus' to mean purpose or, more properly, immediate motive." *State v. Logan*, 397 N.E.2d 1345, 1349 (Ohio 1979). Ohio courts have found that whether a defendant has a separate animus for two offenses is a fact-specific inquiry to be made on a case-by-case basis. *State v. Jones*, 676 N.E.2d 80, 82 (Ohio 1997).

---

[3] Blandin suggests that this Court should conduct its own analysis of Ohio law to determine if the legislature clearly intended to punish powder cocaine and crack cocaine offenses separately. This is unwarranted under this Court's limited review under AEDPA; even if this Court believed that the Ohio state courts had erred in interpreting Ohio law, "[s]tate law errors normally are not cognizable in habeas proceedings, and the fact that the state court's interpretation of state law happens to be central to the double jeopardy analysis does not permit us to review [a state court's] construction of [state] law." *McCloud v. Deppisch*, 409 F.3d 869, 874-75 (7th Cir. 2005) (citations omitted).

In this case, the Ohio court of appeals determined that, as a matter of state law, Blandin's actual possession in his pants and constructive possession in his house constituted two separate acts of possession. *Blandin*, 2007 WL 4225492, at *6; *see also State v. Wilder*, 2006-Ohio-1975, 2006 WL 1047466, at *2 (Ohio Ct. App. Apr. 21, 2006) (holding that defendant's contemporaneous possession of 27 grams of cocaine in the console of her car and 1 gram of cocaine in her pocket constituted two separate offenses, and thus did not violate double jeopardy). Sitting in habeas, this Court is bound by that determination. *Bradshaw*, 546 U.S. at 76; *Banner*, 886 F.2d at 780. Blandin claims that this rule could potentially allow absurdities, such as allowing a defendant to be convicted of two possession offenses simply because he bagged cocaine in two separate bags. The Court believes Blandin's concerns to be overstated, given that separate bagging would, in most cases, not appear to constitute a separate animus. But even if Blandin were right, his alleged *reductio* simply constitutes an oddity of state law that binds this Court sitting in habeas.

In short, the Magistrate Judge and the Ohio court of appeals considered the argument Blandin has raised in his second objection, and in any event, his conviction must be upheld on the merits. His second objection is therefore OVERRULED.

**C. Objection Three**

Finally, Blandin argues that the Ohio court of appeals' determination that he could be convicted of possession both of powder and crack cocaine is inconsistent with Supreme Court precedent. This objection is meritless as well. As noted above, a state court's interpretation of state law binds this Court on habeas review. *Bradshaw*, 546 U.S. at 76; *Banner*, 886 F.2d at 780. Ohio courts—including the court of appeals in this case—unequivocally have determined that the legislature intended that possession of powder cocaine and possession of crack cocaine

8

be deemed separate offenses. *Blandin*, 2007 WL 4225492, at *6; *State v. Ligon*, 902 N.E.2d 1011, 1020-22 (Ohio Ct. App. 2008); *State v. Crisp*, 2006-Ohio-2509, 2006 WL 1381631, at *4-6 (Ohio Ct. App. May 22, 2006). Thus, insofar as Blandin was convicted separately for possessing powder cocaine and crack cocaine, his sentence does not violate the double jeopardy clause. His third objection is OVERRULED.

**IV. CONCLUSION**

For the foregoing reasons, Blandin's objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ACCEPTED**. Blandin's petition for writ of habeas corpus is **DENIED**.

As Blandin has not made a substantial showing of the denial of a constitutional right, this Court certifies, pursuant to 28 U.S.C. § 2553(c), that there is no basis on which to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: June 26, 2009            _____
                                **HONORABLE SARA LIOI**
                                **UNITED STATES DISTRICT JUDGE**